UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:26-CV-128-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM MATTHEW BOLT, | ) | **ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Matthew Bolt has filed a *pro se* "Petition for Removal to Federal Court Pursuant to 28 U.S.C. § 1443(1)." [R. 1]. Bolt indicates that criminal charges are pending against him in the District Court of Harlan County, Kentucky in *Commonwealth v. Bolt*, No. 25-M-419 (Harlan Dist. Ct. 2025).[1] Bolt contends that "[r]emoval is proper because Petitioner is denied and cannot enforce in the Harlan County courts his rights under federal laws providing for the equal civil rights of citizens of the United States - specifically his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 112." [R. 1, p. 2].

The procedure for the removal of criminal actions in state court is governed by 28 U.S.C. § 1455. Pertinent here, "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Upon review, summary remand is warranted.

---

[1] The online docket for the underlying state criminal proceedings can be found at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=048&court=1&division=DI&caseNumber=25-M-00419&caseTypeCode=MI&client_id=0 (last accessed 14 April 2026).

Procedurally, Bolt failed to include all of the "process, pleadings and orders served upon such defendant" as required by the statute. *See* 28 U.S.C. § 1455(a). That alone is grounds to deny the petition. *See Kentucky v. Mobley*, No. CV 5:21-21-KKC, 2021 WL 254301, at *1 (E.D. Ky. Jan. 25, 2021).

Substantively, "[f]ederal law permits a defendant in a state criminal proceeding to remove the case to federal court, but only under narrow circumstances," as outlined in 28 U.S.C. § 1443. *Mobley*, 2021 WL 254301, at *2. Relevant here, that statute allows a criminal prosecution to be removed to district court when it is pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); *see also Mobley*, 2021 WL 254301, at *2 (discussing application of § 1443(1)).

The Court employs a two-step test to determine whether removal is permitted under this provision. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (*quoting Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Bolt's claims that the state prosecution does or will violate his rights under First, Fourth, and Fifth Amendments to the Constitution of the United States, as well as 42 U.S.C. § 1983 and 18 U.S.C. § 112, therefore do not provide any basis for its removal:

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Johnson*, 421 U.S. at 219; *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 825 (1966); *Mobley*, 2021 WL 254301, at *2. Bolt also argues that the prosecution violates his right to equal

- 2 -

protection under the law under the Fourteenth Amendment, [R. 1, p. 2], but that claim falls short because he does not allege *race-based* discrimination. *See South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts."); *Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cnty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, No. 23-3883, 2024 WL 4719185, at *2 (6th Cir. July 3, 2024). Bolt's attempt at removal fails at step one.

Even if he could clear the first hurdle, he would stumble at the second. At this step, the removal petitioner must demonstrate that he "is denied or cannot enforce" the specified equal protection rights "in the courts of [the] State." *Rachel*, 384 U.S. at 802. He cannot meet that burden simply by pointing to "a denial first made manifest in the trial of the case"; instead, he must show that the denial is "manifest in a formal expression of state law," such as a state legislative or constitutional provision. *Id*. at 799, 803–04. Put another way,

> The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828. Bolt does not point to any Kentucky enactment that precludes him from enforcing his rights to race-based equal protection under the law. Bolt's attempt to remove his criminal case fails at step two as well. *See Salinas v. Kentucky*, No. 20-CV-36-DLB, 2020 WL 609289, at *2-3 (E.D. Ky. Feb. 7, 2020).

Accordingly, it is **ORDERED** as follows:

1.      This action is **REMANDED** to the District Court of Harlan County, Kentucky.

- 4 -

2.      The Clerk is **DIRECTED** to forward a certified copy of this Order of Remand to the Clerk of the District Court of Harlan County, Kentucky, referencing *Commonwealth v. Bolt*, No. 25-M-419 (Harlan Dist. Ct. 2025).

3.      The District Court of Harlan County, Kentucky may proceed unimpeded by the Petition for Removal.

4.      This matter is **STRICKEN** from the docket of the Court.

This the 15th day of April, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY